IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

WAYNE E. PULLINS, et al.,

       Plaintiffs,                :       Case No. 3:05-cv-082

                                       District Judge Thomas M. Rose
   -vs-                             Chief Magistrate Judge Michael R. Merz

                              :

ALICIA EIMICKE, et al.,

       Defendants.

**REPORT AND RECOMMENDATIONS**

This case is before the Court on Defendant Laura Klimley's Motion to Dismiss the Second Amended Complaint (Doc. No. 32) which Plaintiffs oppose (Memorandum in Opposition, Doc. No. 36) and as to which Defendant Klimley has filed a Reply Memorandum (Doc. No. 37).

Defendant Klimley seeks dismissal under Fed. R. Civ. P. 12(b)(2) for lack of personal jurisdiction as to claims allegedly arising under Ohio law and under Fed. R. Civ. P. 12(b)(6) for all claims.

The purpose of Rule 12(b)(6) is to allow a defendant to test whether, as a matter of law, the plaintiff is entitled to legal relief even if everything alleged in the complaint is true. *Mayer v. Mylod*, 988 F. 2d 635, 638 (6th Cir. 1993), citing *Nishiyama v. Dickson County, Tennessee*, 814 F.2d 277, 279 (6th Cir. 1987).  Put another way, "The purpose of a motion under Rule 12(b)(6) is to test the formal sufficiency of the statement of the claim for relief; it is not a procedure for resolving a contest about the facts or merits of the case." Wright & Miller, FEDERAL PRACTICE AND PROCEDURE: Civil 2d §1356 at 294 (1990).

The test for dismissal under Fed. R. Civ. P. 12(b)(6) is a stringent one:

> [A] complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.

*Hartford Fire Ins. Co. v. California,* 509 U.S. 764, 811, 113 S. Ct. 2891, 125 L. Ed. 2d 612 (1993), quoting *Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S. Ct. 99, 2 L. Ed. 2d 80 (1957); *Neitzke v. Williams,* 490 U.S. 319, 109 S. Ct. 1827, 104 L. Ed. 2d 338 (1989); *Hishon v. King & Spalding*, 467 U.S. 69, 104 S. Ct. 229, 81 L. Ed. 2d 59(1984); *Monette v. Electronic Data Systems, Inc.,* 90 F. 3d 1173, 1189 (6th Cir. 1996). For purposes of the motion to dismiss, the complaint must be construed in the light most favorable to the plaintiff and its allegations taken as true. *Scheuer v. Rhodes,* 416 U.S. 232, 94 S. Ct. 1683, 40 L. Ed. 2d 90 (1974); *Westlake v. Lucas,* 537 F. 2d 857 (6th Cir. 1976); *Craighead v. E.F. Hutton & Co.*, 899 F. 2d 485 (6th Cir. 1990). To survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6), "a ... complaint must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under *some* viable legal theory." *Scheid v. Fanny Farmer Candy Shops, Inc*., 859 F. 2d 434, 436 (6th Cir. 1988); *followed Allard v. Weitzman (In re DeLorean Motor Co.),* 991 F. 2d 1236 (6th Cir, 1990); *Columbia Natural Resources, Inc. v. Tatum*, 58 F. 3d 1101 (6th Cir. 1995). The Court "need not accept as true legal conclusions or unwarranted factual inferences*."* *Morgan v. Church's Fried Chicken,* 829 F. 2d 10, 12 (6th Cir. 1987). Bare assertions of legal conclusions are not sufficient. *Lillard v. Shelby County Bd. of Educ.*, 76 F. 3d 716, 726 (6th Cir. 1996); *Sogevalor S.A. v. Penn Central Corp*., 771 F. Supp. 890, 893 (S.D. Ohio 1991). It is only well-pleaded facts which are construed liberally in favor of the party opposing the motion to dismiss. *Id.,* citing *Scheuer v. Rhodes*, 416 U.S. 232, 236, 94 S. Ct. 1683, 40 L. Ed. 2d 90 (1974); see also Wright & Miller, FEDERAL PRACTICE AND PROCEDURE: Civil 2d §1357 at 311-318 (1990).

Plaintiffs' Second Amended Complaint purports to state six claims for relief:

First Cause of Action: Engaging in a pattern of corrupt activity, 18 U.S.C. §1964, et seq.

Second Cause of Action: Violation of the Securities Act of 1933, 15 U.S.C. §§ 77l(1) and 77l(2).

Third Cause of Action: Violation of the Securities Exchange Act (of 1934), 17 C.F.R. §240.10b-5.

Fourth Cause of Action: Fraud

Fifth Cause of Action: Civil conspiracy

Sixth Cause of Action: [Violation of Ohio Revised Code] § 1707.41.

The adequacy of pleading of these six causes of action will be considered seriatim.

### Racketeering Influenced and Corrupt Organizations Claim

18 U.S.C. §1964(c) permits any person injured in his business or property by reason of a violation of 18 U.S.C. §1962 to sue for treble damages. While the Second Amended Complaint does not expressly say so, it appears Plaintiffs intend to allege violations of 18 U.S.C. §§1962(c) and (d) which provide:

> (c) It shall be unlawful for any person employed by or associated with any enterprise engaged in, or the activities of which affect, interstate or foreign commerce, to conduct or participate, directly or indirectly, in the conduct of such enterprise's affairs through a pattern of racketeering activity.
>
> (d) It shall be unlawful for any person to conspire to violate any of the provisions of sections (a), (b), or (c) of this section.

To establish a violation of 18 U.S.C. §1962(c), a civil plaintiff must prove "(1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity." *Sedima, S.P.R.L. v. Imrex Co.*, 473 U.S. 479. 496 (1985). To satisfy the pattern requirement, a plaintiff must plead and prove at least two separate qualifying acts within ten years of each other. Isolated acts are not sufficient. *Sedima*, 473 U.S. at 496. The predicate acts of racketeering activity consist of violations of any one of the list of indictable state and federal offenses in 18 U.S.C. §1961; general allegations of criminal activity are

not sufficient.

"Enterprise" is defined in 18 U.S.C. §1961(4) as "any individual, partnership, corporation, association, or other legal entity, and any union or group of individuals associated in fact although not a legal entity." The enterprise must be a separate, ongoing entity. *Hofstetter v. Fletcher*, 905 F. 2d 897, 903 (6th Cir. 1988). To satisfy the "conduct" prong, a particular defendant must participate in the operation or management of the enterprise itself. *Reves v. Ernst & Young*, 507 U.S. 170 (1993).

For predicate acts, Plaintiffs intend to rely on allegations of mail fraud and wire fraud in violation of 18 U.S.C. §§ 1341 and 1343 (Doc. No. 36 at 24). They concede that in doing so, they must plead the predicate acts of mail and wire fraud with particularity as to each act as required by Fed. R. Civ. P. 9(b). *Id.*, *citing Emery v. American Gen. Fin., Inc.,* 134 F. 3d 1321, 1323 (7th Cir. 1998).

Defendant Klimley complains that the asserted predicate acts have not been pled with the requisite particularity. She relies on the following definition of particularity:

> The Sixth Circuit interprets Rule 9(b) as requiring plaintiffs to "alleged the time, place, and content of the alleged misrepresentation on which he or she relied,; the fraudulent scheme; the fraudulent intent of the defendants; and the injury resulting from the fraud."

*Yuhasz v. Brush Wellman, Inc.,* 341 F. 3d 559, 563 (6th Cir. 2003).

The Second Amended Complaint does not satisfy this standard. The relevant allegations on which Plaintiffs depend are as follows:

> 17. The Company, at the direction of officers and directors of the Company, including Laura Klimley, instituted and maintained a policy of not disseminating financial information in connection with the Company to its Creditors. Indeed accurate financial information was never provided to the investors in the Note Program.
>
> 18. While the Company actively withheld financial information from the Plaintiffs, the Company, at the direction of officers and directors of the Company, including Laura Klimley, from time to time circulated false and misleading letters to Plaintiffs in Ohio extolling the performance of the Company and encouraging further investment. These letters were forwarded by the Company, at the direction of officers and directors of the Company, including

Laura Klimley, to advance a scheme to defraud Plaintiffs.

> 19. In addition to the foregoing letters, the Company, at the direction of officers and directors of the Company, including Laura Klimley, actively encouraged Plaintiffs to invest in the Company both in person and by telephone in Ohio by making false and misleading statements in regards to the financial status of the Company.

(Second Amended Complaint, Doc. No. 31).

These allegations fail completely to satisfy the particularity requirement of Fed. R. Civ. P. 9(b). Defendant Klimley is left to speculate when the letters were sent and/or telephone calls made ("from time to time"), by whom they were made, what was false and misleading about them, which Plaintiff or Plaintiffs received each of them. The allegations also fail to satisfy the specific RICO requirement that the two predicate acts be within ten years of each other. The Second Amended Complaint fails to state a claim for relief under RICO with the particularity required by Fed. R. Civ. P. 9(b).

## Securities Act of 1933

In their Second Cause of Action, Plaintiffs allege that the "aforesaid Notes"[1] constitute securities under the Securities Act of 1933 which were offered for sale without complying with the Act. The Second Amended Complaint then repeats the allegations of a Company policy of "not disseminating financial information" and circulation of "false and misleading letters to Plaintiffs" and similar statements in person and by telephone. *Id*. at ¶¶ 34-35. Plaintiffs allege Ms. Klimley is liable for these acts because she is a "control person" with respect to the Company.

---

[1] Plaintiffs allege the Company had a "Note Program" in which it offered debt instruments with varying terms and interest rates. (Second Amended Complaint, Doc. No. 31 at ¶ 15.)

What the Second Cause of Action fails to allege is when the false and misleading letters or telephone communications were made, by whom, to whom, and with what content or omitted content. In other words, Plaintiffs have failed to allege which of them received which of these communications when. Plaintiffs argue at length that they have adequately pled scienter on Ms. Klimley's part (Memorandum in Opposition, Doc. No. 36 at 18-20). But that is not Defendant's complaint. Instead, she notes that the acts of fraud are not pled with particularity. The Second Cause of Action also fails to state a claim upon which relief can be granted.

### Securities Exchange Act of 1934

Plaintiffs bring their Third Cause of Action under Rule 10b-5 of the Securities Exchange Act of 1934, 17 C.F.R. §240.10b-5. However, Plaintiffs attempts to plead fraud under Rule 10b-5 are no more satisfactory than under the 1933 Act. Here again Plaintiffs have not said what communications sent when omitted what information. They have instead relied on very conclusory pleading, asserting that the Company had a policy of not disclosing certain financial information. They do not, however, allege what communications each of them received which should have included this information.

### Ohio Law Claims

In attempting to defend their claim that they have adequately pled common law fraud under Ohio law, Plaintiffs correctly note that fraud may consist in suppressing the truth when one has a duty to disclose as well as affirmatively misrepresenting the truth (Memorandum in Opposition). While that is correct, Plaintiffs have again missed the point of Fed. R. Civ. P. 9(b) in that they have

not pled any particular occasion when such omissions were made.

Plaintiffs' Fifth Cause of Action for civil conspiracy also fails because it incorporates by reference the prior allegations. In Ohio, a civil conspiracy consists of the following: (1) a malicious combination; (2) two or more persons; (3) injury to person or property; and (4) existence of an unlawful act independent from the actual conspiracy. *Universal Coach v. NYC Transit Authority,* 90 Ohio App. 3d 284, 629 N.E. 2d 28 (Cuyahoga Cty.,1993), citing *Minarik v. Nagy,* 8 Ohio App. 2d 194, 26 Ohio Op. 2d 359, 193 N.E. 2d 280 (1963). The requirement of an independent unlawful act is confirmed in *Williams v. Aetna Fin. Co., infra.,* citing *Gosden v. Louis,* 116 Ohio App. 3d 195, 219, 687 N.E. 2d 481, 496 (1996). A civil conspiracy under Ohio law consists of a "malicious combination of two or more persons to injure another in person or property, in a way not competent for one alone, resulting in actual damages." *Kenty v. Transamerica Premium Ins. Co.*, 72 Ohio St. 3d 415, 419, 650 N.E. 2d 863 (1995), quoting *LeFort v. Century 21-Maitland Realty Co.*, 32 Ohio St. 3d 121, 512 N.E. 2d 640 (1987) citing *Minarik, supra.*. quoted with approval in *Williams v. Aetna Fin. Co.*, 83 Ohio St. 3d 464, 475 (1998). Because Plaintiffs have failed adequately to allege the independent unlawful act – fraud – they have not adequately pled a civil conspiracy.

Plaintiffs do not suggest that an action for securities fraud under Ohio Revised Code § 1707.41 requires any less particularity than the other fraud actions attempted to be pled.

### Should Dismissal by With or Without Prejudice?

Defendant requests that the dismissal be with prejudice, claiming that Plaintiffs have had adequate opportunity to plead with particularity. While the Court is inclined to agree, this Report is the first occasion the Court has had to give Plaintiffs the Court's evaluation of their pleading. The Federal Rules of Civil Procedure embody a strong preference for deciding cases on the merits, rather

than on pleading requirements. When a district court denies a motion to amend after granting a motion to dismiss under Fed. R. Civ. P. 12(b)(6), the Sixth Circuit will review both the complaint and the proposed amended complaint for purposes of construing the facts. *LRL Properties v. Portage Metro Housing Authority*, 55 F. 3d 1097 (6th Cir. 1995). However, Defendant is entitled to have this case brought to issue promptly.

Therefore, it is respectfully recommended that this action be dismissed with prejudice unless, not later than the date on which objections to this Report are due, Plaintiffs file a motion for leave to amend with an appended proposed third amended complaint which pleads the fraud allegations with particularity.

December 28, 2005.

s/ **Michael R. Merz**
Chief United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within ten days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(e), this period is automatically extended to thirteen days (excluding intervening Saturdays, Sundays, and legal holidays) because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(B), (C), or (D) and may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within ten days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F. 2d 947 (6th Cir., 1981); *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985).