UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

**WAYNE E. PULLINS, et al.,**

      **Plaintiffs,**

**-v-**

**LAURA KLIMLEY, et al.,**

      **Defendants.**

**Case No. 3:05-CV-082**

**Judge Thomas M. Rose**

---

**ENTRY AND ORDER OVERRULING PLAINTIFFS' MOTION FOR RECONSIDERATION (Doc. #148)**

---

Now before the Court is Plaintiffs' Motion for Reconsideration. (Doc. #148.) Plaintiffs ask the Court to reconsider its order of September 28, 2007, (doc. #114) denying Plaintiffs motion to reopen discovery in order to permit Plaintiffs to retake the deposition of John Palmero ("Palmero"), VWE's controller. The Defendants have responded in opposition to this Motion (doc. #152) and Plaintiffs have not replied.

The Plaintiffs represent that Palmero, in his capacity as VWE's Controller, prepared and/or supervised the preparation of VWE's financial records for the relevant time period. In his deposition taken in this matter on August 31, 2007, Palmero asserted his Fifth Amendment privilege against self incrimination claiming that he was being actively investigated by the Westchester County District Attorney in connection with VWE's sale of unregistered debentures. In that fifty-seven page deposition, Palmero stated his name and address as asserted his Fifth Amendment rights to all of the remaining questions. (Doc. #159.)

Plaintiffs now seek to again take Palmero's deposition based upon a press release, dated

October 24, 2007, from the Westchester County District Attorney's Office that a thirty-five count indictment had been unsealed in an investigation of VWE's investment scheme. Palmero was not indicted.

Following unsealing of the indictment, Palmero was again contacted. He, again, refused to answer questions regarding his role at VWE claiming that he is still subject to prosecution.

The Fifth Amendment to the U.S. Constitution guarantees that no person "shall be compelled in any criminal case to be a witness against himself. The privilege against self incrimination is also applicable in the civil context. *See Pillsbury Co. v. Conboy*, 459 U.S. 248, 256-57 (1983). Specifically, courts cannot compel a civil deponent to testify over a valid assertion of Fifth Amendment privilege absent a grant of immunity. *Id.*

The right to take the Fifth Amendment is not, however, absolute. The prohibition against compelling the testimony of a witness in any setting is predicated upon there being a real danger that the testimony might be used against the witness in later criminal proceedings. *Id.*

The presence of a "real danger" of prosecution does not depend upon whether the person asserting the privilege is being investigated, but on whether his or her testimony would be incriminating. *In re Morganroth*, 718 F.2d 161, 167 (6th Cir. 1983). Further, the privilege against self incrimination extends not only to answers which would support a criminal conviction, but also to answers which would furnish a link in the chain of evidence needed to prosecute. *Id.* at 164.

Plaintiffs argue that, in light of the unsealing of the indictment described above, Palmero has failed to show that he is in real danger of being criminally prosecuted. The Plaintiffs respond that the questions asked of Palmero at his previous deposition make it clear that Plaintiffs accuse Palmero of acts that could constitute a crime. Therefore, responsive answers by Palmero would

be incriminating. The Defendants also respond that Palmero was not called before the Grand Jury by the Westchester County District Attorney's Office. He, therefore, was not granted "transactional immunity" and the Westchester County District Attorney's Office preserved its right to pursue an indictment against Palmero.

It appears as though Palmero is still subject to a criminal indictment and faces a deposition in which his answer may incriminate him. Therefore, the press release issued by the Westchester County District Attorney's Office is not good cause to order another deposition of Palmero. As a result, Plaintiffs' Motion To Reconsider is OVERRULED.

**DONE** and **ORDERED** in Dayton, Ohio, this Seventh day of January, 2008.

                                              **s/Thomas M. Rose**

                                              THOMAS M. ROSE
                                    UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record